James G. Beirne, Esq. Bar No.: 163755
LAW OFFICES OF JAMES G. BEIRNE
520 E. WILSON AVENUE SUITE 110
GLENDALE, CA 91206
Tel (818) 552-4500
Fax (818) 552-2752
Email: bankruptcy@lawcenterca.com

Attorney for debtors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>**Jesus S Orbita & Leizl F Orbita,**<br><br>Debtors. | **Chapter 13**<br><br>**Case No.: 2:09-bk-38755-VK**<br><br>**NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS TO WILSHIRE CREDIT CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF**<br><br>**DATE: January 19, 2010**<br>**TIME: 11:30 A.M.**<br>**PLACE: 1675, 16th Floor**<br>**255 EAST TEMPLE STREET**<br>**LOS ANGELES, CA 90012** |

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; CHAPTER 13 TRUSTEE; OTHER PARTIES IN INTEREST AND COUNSEL/S ON RECORD:**

**COMES NOW SPOUSES JESUS SORIANO ORBITA, JR and LEIZL FAJARDO ORBITA,** Chapter 13 Debtors ("DEBTOR"), and hereby move this Court pursuant to 11 U.S.C. §506(a) and 1325(a)(5)(B) and *In re Lam (Lam vs. Investors Thrift)*, 211 B.R. 36 (9th Cir.BAP 1997), for a determination of the secured value of the Property located at 1961 Greenleaf Drive, West Covina, CA 91792 (APN 8730-012-021)(the "REAL PROPERTY") to be $330,000.00, based upon an

appraisal report of Appraiser Romulo R Gonzales dated March 5, 2009 and to stay post petition payments by DEBTOR and to treat the claims of **Wilshire Credit Corporation**, as wholly unsecured for purposes of plan confirmation, on the grounds that the value of the REAL PROPERTY has declined in value since DEBTOR originally purchased the REAL PROPERTY in November 16, 2005 at the price of $388,000.00, copy of the First Trust Deed (1st mortgage, Adjustable Rate Note dated November 16, 2005 and registered with the County Recorder on December 1, 2005) is attached by reference as **Exhibit "1"**. Currently, these are the claima and encumbrances over the subject property: Litton Mortgage (Avelo Mortgage), first trust deed; defendant Wilshire Credit Corporation, second trust deed; and Spouses Cencio & Rosalinda Ulit, third mortgage, which are duly recorded and/or recognized as liens against the REAL PROPERTY, such that the value of the REAL PROPERTY no longer has the equity adequate to fully secure said encumbrances, resulting in defendant **Wilshire Credit Corporation** being 100% undersecured and not entitled to treatment under DEBTOR'S proposed Chapter 13 Plan as secured creditor for the full amount of their purported claim; and on the further grounds set forth in the Memorandum of points and Authorities, Declaration in Support thereof, filed concurrently herewith, and on such grounds as may be presented in oral arguments before this Court or upon Reply to any opposition filed in response to this motion.

**NOTICE IS FURTHER GIVEN** that in accordance with the Local Rules of this Court, should any party wish to oppose this Motion, they must do so by written opposition filed and served upon counsel for Debtors not less than fourteen (14) days before the hearing, and failure to do so may be deemed a waiver of any opposition which may have been made, resulting in entry of an order granting the within Motion.

**WHEREFORE, DEBTORS** respectfully request the Court to grant their Motion, and value the Real Property at $330,000.00, deeming defendant

Wilshire Credit Corporation an undersecured creditor for the purpose of treatment under DEBTOR'S proposed Chapter 13 Plan and that DEBTORS are relieved from making any post-petition payments to Wilshire Credit Corporation, and that the Chapter 13 Trustee will not advance to defendant Wilshire Credit Corporation, on account of any proposed Chapter 13 Plan, any payment for the purposes of curing any amount in default or in arrears to Wilshire Credit Corporation, and for such other and further relief as the Court may deem just and proper.

//

//

Dated: December 4, 2009

LAW OFFICES OF JAMES G. BEIRNE

**JAMES G BEIRNE,** Esq.
Attorney for Debtors

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

INTRODUCTION

This Motion concerns the valuation of DEBTOR'S residential real property located at 1961 Greenleaf Drive, West Covina, CA 91792 (APN 8730-012-021)(the "REAL PROPERTY"), DEBTORS originally purchased the REAL PROPERTY in November 16, 2005, at the price of $388,000, upon which the encumbrances with Litton Mortgage (Avelo Mortgage), and defendant Wilshire Credit Corporation, and Spouses Cencio & Rosalinda Ulit are duly recorded and/or recognized as liens against the REAL PROPERTY. See, **Schedules A and D**, attached and incorporated by reference as **Exhibit "2"** to this Motion and to the Debtors' Declaration filed concurrently herewith.

At this time, due to the general decline in real estate values in Southern California, which has substantially affected the area in which the Real Property is located, the value of the Real Property has substantially declined in value, no longer entirely supporting the security interest of defendant Wilshire Credit Corporation. In making this Motion, DEBTORS rely upon the appraiser's opinion that is attached and incorporated by reference as **Exhibit "3"** to this Motion and Appraiser's Declaration filed concurrently herewith. Further, as set forth in DEBTORS' Declaration filed concurrently herewith, DEBTORS rely also on their understanding as homeowners that the value of the REAL PROPERTY, as set forth in their Schedules A and D, is comparable to other home values in their area, as of the commencement of this case, which value DEBTORS reasonably believe may continue to decline as of the confirmation of his Chapter 13 Plan. DEBTORS, therefore, believe a valuation of $330,000.00 is fair and reasonable, pursuant to 11 U.S.C. §§506(a) and 1325(a)(5)(B); Zimmer v. PSB Lending, 313 F.3d

1220 (9th Cir. 2002), wherein the Ninth Circuit affirmed the allowance of lien stripping in the course of a Chapter 13; *In re Lam (Lam vs. Investors Thrift)*, 211 B.R. 36 (9th Cir.BAP 1997); and In re Crain, 243 B.R. 75 (Bankr.CD 1999), for the purpose of valuation of the Real Property and classification of defendant Wilshire Credit Corporation as a Class Five general unsecured creditor in DEBTORS' Chapter 13 Plan.

II.

FACTUAL BACKGROUND

On October 20, 2009, DEBTORS filed a voluntary petition under Chapter 13, Title 11 United States Code commencing case no. 2:09-bk-38755-VK (the "Case"), reasonably believing such was needed to stay the foreclosure of their residential Real Property and to enable the DEBTORS to reorganize his financial affairs, including the concerned Real Property. The Real Property is DEBTORS' principal residence. As set forth on DEBTORS' Schedules I and J, DEBTORS' income is only adequate to make the payments due to Litton Mortgage, but not those due to **defendant Wilshire Credit Corporation** and Spouses Ulit, and adequate to cure the existing amount in default owing only to Litton Mortgage, but not those due and owing to defendant QWilshire Credit Corporation and Spouses Ulit; See, DEBTORS' Declaration filed concurrently herewith.

DEBTORS originally purchased the REAL PROPERTY in November 16, 2005, at the price of $388,000.00, upon which the encumbrances with Litton (Avelo) Mortgage with current loan balance at approximately $388,000.00 as reflected in the latter's account notice (NOD) dated July 2, 2009, copy there is attached by reference as **Exhibit "4"**, and defendant Wilshire Credit Corporation with an approximate balance of $97,500 as reflected in debtor's **Schedule D**, and to Spouses Ulit in

amount of $30,000 (see also **Schedule D)** are duly recorded and/or recognized as liens against the REAL PROPERTY, such that the value of the REAL PROPERTY no longer has equity adequate to fully secure said encumbrances, resulting in Wilshire Credit Corporation being 100% undersecured and not entitled to treatment under DEBTORS' proposed Chapter 13 Plan as a secured creditor for the full amount of their purported claim. See, also, DEBTORS' Declaration filed concurrently herewith.

III.

ARGUMENT

The Real Property Must be VALUED for Purposes of the Chapter 13 Plan Confirmation.

Bankruptcy Code section 506(a) provides in pertinent part that:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.* [emphasis added]."

In the case of In re Taffi, 144 B.R. 105, 109 (Bankr.C.D.Cal.1992), the Honorable Vincent P. Zurzolo, Bankruptcy Judge, considered the factors relevant to a determination of a motion to determine the secured portion of a claim. In that decision, Judge Zurzolo reasoned

that "(i)t would appear from the above quoted language that the value of a lien creditor's interest on collateral; that is property of a bankruptcy estate must be determined considering two factors: (1) the purpose of valuation and (2) the proposed disposition or use of the property." The Bankruptcy Appellate Panel in the case of In re Lam, 211 B.R. 36 (9th Cir. 1997), considered the exact facts set forth in this case and, held the undersecured creditor would be stripped of its lien and treated as an unsecured creditor in the course of the debtors' Chapter 13 plan. The Court required a finding that the undersecured creditor must be *wholly undersecured*, with not even a one dollar amount of secured value. Judge Zurzolo revisited his reasoning in Taffi in the case of In re Crain, 243 B.R. 75 (Bankr.CD 1999), in which it was held that valuation of the real property collateral will be made as of the date of confirmation, and not as of the commencement date. In the case of Zimmer v. PSB Lending, 313 F.3d 1220 (9th Cir. 2002), the Ninth Circuit took up the Lam issue, and held that ". . . more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Id. at 1223.

At this time, due to the general decline in real estate values in Southern California, which has substantially affected the area in which the Real Property is located, the value of the Real Property has substantially declined in value, no longer entirely supporting the security interest of defendant Wilshire Credit Corporation. In making this Motion, DEBTORS rely upon the appraiser's opinion that is attached and incorporated by reference as **Exhibit "3"** to the Declaration filed concurrently herewith. Further, as set forth in DEBTORS' Declaration filed concurrently herewith, DEBTORs rely also on their understanding as homeowners that the value of the Real Property, as set forth in their Schedules A and D, is comparable to other home values in their area, as of the commencement of this case, which value

DEBTORS reasonably believe may continue to decline as of the confirmation of his Chapter 13 Plan. DEBTOR, therefore, believe a valuation of $330,000.00 is fair and reasonable for the purpose of valuation of the REAL PROPERTY and classification of Wilshire Credit Corporation as a Class Five general unsecured creditor in DEBTORS Chapter 13 Plan.

B.

<u>The Valuation of the Real Property Is Necessary for an Effective Reorganization and Debtors Should Not Be Required to Make Post Petition Payments</u>.

As provided in Section 506(a), valuation of the secured interest should take place "... in conjunction with any hearing ... on a plan affecting such creditor's interest." This Motion is made in conjunction with DEBTORS' Chapter 13 Plan. Debtor has demonstrated under Section 506(a) that the Real Property is valued less than the security interest of Wilshire Credit Corporation, and that a re-organization is in prospect. Accordingly, Wilshire Credit Corporation is not entitled to post-petition payments. <u>See</u>, <u>United Savings Association of Texas v.</u> Timbers of Inwood Forest Association, Limited, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

IV.

<u>CONCLUSION</u>

DEBTORS respectfully request the Court to grant their Motion, and value the Real Property at $330,000.00, deeming Wilshire Credit Corporation an undersecured creditor for the purpose of treatment under DEBTORS' proposed Chapter 13 Plan and that DEBTORS are relieved from making any post-petition payments to Wilshire Credit Corporation, and that the Chapter 13 Trustee will not advance to Wilshire credit Corporation, on account of any proposed Chapter 13 Plan, any payment

for the purposes of curing any amount in default or in arrears to Wilshire Credit Corporation, and for such other and further relief as the Court may deem just and proper.

Dated: December 4, 2009

LAW OFFICES OF JAMES G. BEIRNE

**JAMES G BEIRNE**, Esq.
Attorney for Debtor

**SUPPORTING DECLARATION OF DEBTORS JESUS ORBITA AND LEIZL ORBITA**

We, Spouses Jesus and Leizl Orbita, declare and state as follows:

1. We are the DEBTORS who on October 20, 2009 caused to be filed a voluntary petition under Chapter 13, Title 11 United States Code commencing case number 2:09-bk-38755-VK(the "Case");

2. At the time the Case was filed, it was done so, reasonably believing such was needed to stay the foreclosure of our residential Real Property and to enable us to reorganize our financial affairs, including the concerned the Real Property;

3. The Real Property is our principal residence located at 1961 Greenleaf Drive, West Covina, CA 91792 (APN 8730-012-021)(the "REAL PROPERTY");

4. As set forth on our Schedule I and J, our income is adequate to make the payments due Litton Mortgage (Avelo Mortgage), but not those due Wilshire Credit Corporation, and adequate to cure mortgage arrearages to Litton Mortgage, but not those due and owing Wilshire Credit Corporation;

5. We originally purchased the REAL PROPERTY in November 16, 2005 at the price of $388,000, upon which currently the encumbrances with Litton Mortgage (Avelo), and Wilshire Credit Corporation, and loans from Spouses Ulit are recorded and/or recognized as liens against the subject Real Property. See Debtors' Schedules A and D, attached and incorporated by reference as Exhibits "2";

6. At this time, due to the general decline in real estate values in Southern California, which has substantially affected our location, the value our Real Property has substantially and no longer entirely supporting the security interest of Wilshire Credit Corportation;

supporting the security interest of Wilshire Credit Corportation;

7. In making this Motion, we rely upon the appraiser's opinion (Exhibit "3") that is attached and incorporated by reference as to the Declaration of the Appraiser filed concurrently herewith. Moreover, We also rely on our understanding as homeownera that the value of the Real Property, as set forth in our Schedules A and D is comparable to other home values in our area. We reasonably believe values may continue to decline and will be lower as of the confirmation of our Chapter 13 Plan. Thus, we believe that a valuation of $330,000 (Exhibit "3") is fair and reasonable for the purpose classifying Wilshire Credit Corporation as a Class Five general unsecured creditor in DEBTORS' Chapter 13 Plan.

10. Based on the Appraisal Report (Exhibit "3") and our research and understanding of pricing in the neighborhood, we believe that the fair and reasonable sound value of our subject property is $330,000.00, consistent with the appraised value and current property prices in our community. See, Declarations of Appraiser and Debtors concurrently filed herewith.

We declare under penalty of perjury, under the laws of these United States of America and California that the foregoing is true and correct, such that if called to testify, I could and would testify thereto.

//

//

//

Dated: December 4, 2009

Jesus Soriano Orbita, Jr

Leizl Fajardo Orbita

Debtors

**SUPPORTING DECLARATION OF ROMULO R. GONZALES, APPRAISER**

I, Romulo R. Gonzales, declare and state as follows:

1. I am qualified to make this declaration based upon my knowledge of real estate appraising, as set forth further in the Appraiser's Report that is attached and incorporated by this reference as **Exhibit "3"** that was prepared for the purpose of determining and declaring the fair value of that Real Property located at 1961 Greenleaf Drive, West Covina, CA 91792 (APN 8730-012-021) (the "REAL PROPERTY").

2. In the course of preparing the Appraiser's Report, I followed the practices and procedures required of my profession in determining the value of the subject Real Property. I have no pre-existing or current or future financial relationship with the DEBTOR, or the attorney for the DEBTOR. I do not own an interest in the Real Property and have not been offered an interest therein. I was compensated for my services at the time I delivered the Appraiser's Report.

3. Based upon the evaluation and analysis prepared and my modest experiences in appraising real properties, it is my professional opinion, as supported by the attached Appraiser's Report, that the value of the subject Real Property, as of the date of the Appraiser's Report, is approximately $330,000.00.

I declare under penalty of perjury that the foregoing is true and correct that this declaration was executed at Los Angeles, California.

Dated: December 4, 2009

**Romulo R. Gonzales**
**Real Estate Appraiser**

| In re: JESUS S ORBITA & LEIZL F ORBITA | CHAPTER 13<br>CASE NUMBER : 2:09-bk-38755-VK |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

520 E. Wilson Avenue, Ste. 110, Glendale, CA 91206

A true and correct copy of the foregoing document described as : Notice of Motion and Motion to Determine Secured Value of Real Property; To Stay Post-Petition Payments to Wilshire Credit Corporation; Memorandum of Points and Authorities; Declarations in Support Thereof...(served by certified mail, per attached mailing service list) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ________ checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 4, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PLEASE REFER TO THE ATTACHED MAILING SERVICE LIST...served by certified mail...

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

Main Document Page 14 of 15

| In re: JESUS S ORBITA & LEIZL F ORBITA | CHAPTER 13<br>CASE NUMBER : 2:09-bk-38755-VK |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/04 /2009 | Rod Saet | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

PLEASE REFER TO THE ATTACHED MAILING SERVICE LIST…served by certified mail

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

**SERVICE LIST**
(Served by Certified Mail)

U.S. Bankruptcy Court
Los Angeles
255 E Temple St, Rm 940
Los Angeles, CA 90012

Office of the U.S. Trustee
Los Angeles
725 Figueroa St, Ste 2600
Los Angeles, CA 90017

Ms Nancy K Curry
Chapter 13 Trustee
606 South Olive St, Ste 950
Los Angeles, CA 90014

Jesus/Leizl Orbita
1961 Greenleaf Drive
West Covina, CA 91792

Wilshire Credit Corporation
PO Box 8517
Portland, OR 97207

Wilshire Credit Corporation
14523 S W Milikan Way, Ste 200
Beaverton, OR 97005

Mr. Jay H. Memmott
Chairman
Wilshire Credit Corporation
14523 S W Milikan Way, Ste 200
Beaverton, OR 97005

Mr. Kenneth P. Frye
VP for Loan Servicing
Wilshire Credit Corporation
14523 S W Milikan Way, Ste 200
Beaverton, OR 97005

CSC-Lawyers Incorporating Service
Agent for: Wilshire Credit Corp.
2730 Gateway Oaks Dr Ste 100
Sacramento, CA 95833